IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DELBERT PAUL WALKER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Civil Action No. 99-1860 |
| HARRY WILSON, et al., | ) | Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Relief From Judgment filed by the Petitioner (Doc. 18) be denied.

### II. REPORT

Delbert Paul Walker ("Walker" or "the Petitioner") is a state prisoner currently incarcerated in the State Correctional Institution at Cresson. Walker is serving a sentence for a 1983 murder. He filed a Petition for Writ of Habeas Corpus in 1999 asserting that his confession to the crime was involuntary. The Petition was denied on February 27, 2001. The Court of Appeals for the Third Circuit denied a certificate of appealability on August 23, 2002.

On July 9, 2007, Walker filed the instant Motion seeking relief from the judgment dismissing his Petition for Writ of Habeas Corpus. He argues that he is entitled to relief because

the Commonwealth of Pennsylvania, in responding to the habeas petition, failed to apprise the Court of all relevant facts. More specifically, he argues that the state court lacked jurisdiction to convict him because the statute of limitations had expired. Walker also asserts that the Commonwealth failed to provide the habeas court with unspecified "documents" relating to his conviction, and, as a consequence, his federal habeas petition was denied. In sum, Walker argues that the acts of the Commonwealth rose to the level of fraudulent conduct. In Petitioner's view, the federal habeas proceeding was invalid.

First, Walker's argument that the federal habeas ruling is erroneous is a claim which could have been made on appeal. The Third Circuit Court of Appeals recently held that "a Rule 60(b) motion may not be used as a substitute for appeal, and ... legal error, without more, cannot justify granting a Rule 60(b) motion." Ibarra v. W.Q.S.U. Radio Broad. Org., 218 Fed. Appx. 169, 170 (3d Cir.2007).

Second, and in any event, a claim of fraud under Rule 60(b)(3) must be commenced within one year of the judgment at issue. Fed .R. Civ. P. 60(b)("The motion shall be made within a reasonable time, and for [specified reasons] not more than one year after the judgment."). Here, the habeas petition was dismissed in February, 2001, and the instant Motion was not commenced until more than six years later. Clearly, this Motion

is untimely.

Walker also asserts that the Commonwealth's actions constitute "fraud upon the court." Claims of fraud upon the court are not governed by the one year limitation period, but instead must be commenced within a "reasonable time of the discovery of the fraud." Apotex Corp. v. Merck & Co., Inc., 507 F.3d 1357, 1361 (Fed. Cir. 2007). Here, the "fraud" asserted by Walker is based on his claim that the statute of limitations expired prior to the time criminal charges were filed in the state courts. The statute of limitations violation, he argues, deprived the state court of jurisdiction over him, and that this information was not provided to the federal habeas court.

Here, criminal charges were filed against Walker in 1990 with respect to a 1983 killing. He filed his federal habeas petition in 1999, and it was denied in 2001. The information relating to the state court's jurisdiction was available to Walker as early as 1990. Further, Walker was -or should have been- aware of whether that information was presented to the habeas court as of February, 2001, when his Petition was dismissed. Nonetheless, Walker waited more than six years to assert his claim. Clearly, he did not raise his fraud on the court claim within a reasonable time, and his motion should be denied.

## C. Conclusion

It is respectfully recommended that the Motion for Relief from Judgment (Doc. 18) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 18, 2008.

June 2, 2008                      s/Francis X. Caiazza
                                        Francis X. Caiazza
                                        United States Magistrate Judge

cc:
DELBERT PAUL WALKER
BL-5805
SCI Cresson
P.O. Box A
Cresson, PA 16699