IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELBERT PAUL WALKER, | ) | |
| | ) | Civil Action No. 2: 99-cv-01860 |
| Petitioner, | ) | |
| | ) | United States District Court Judge |
| v. | ) | Arthur J. Schwab |
| | ) | |
| TAMMY FERGUSON, Superintendent of | ) | |
| SCI Benner Township, and ATTORNEY | ) | United States Magistrate Judge |
| GENERAL OF PENNSYLVANIA, | ) | Cynthia Reed Eddy |
| | ) | |
| Respondents. | | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the reasons set forth below, it is respectfully recommended that the "Motion for Rule 60(b)(6)" (ECF No. 27) filed by Petitioner Delbert Paul Walker be denied and a certificate of appealability not be issued.

**REPORT**

**A.   Background**

Petitioner, Delbert Paul Walker ("Petitioner" or "Walker"), a Pennsylvania state prisoner, is no stranger to this Court.  On November 12, 1999, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on charges of second degree murder and the sentence of life imprisonment, imposed by the Court of Common Pleas of Allegheny County on March 12, 1991. On January 9, 2001, Magistrate Judge Ila J. Sensenich issued a Report and Recommendation recommending that the Petition be dismissed on the merits and a certificate of appealability be denied.  (ECF No. 12.)  On  February 27, 2001, Judge Donald J. Lee adopted the report and recommendation and denied the petition and a certificate of appealability.  (ECF No. 15.)  The United States Court of Appeals for the Third

1

Circuit denied Walker's request for a certificate of appealability on August 23, 2002. (ECF No. 17.)

Almost five years later, on July 9, 2007, Petitioner filed a Motion for Relief from Judgment Pursuant to Rule 60(b)(3) and 60(b)(6). (ECF No. 18.) On June 2, 2008, Magistrate Judge Francis X. Caiazza issued a Report and Recommendation recommending that the motion be denied as Walker had not raised his claims within a reasonable time. (ECF No. 20.) On June 25, 2008, Judge Gary L. Lancaster adopted the report and recommendation and denied the motion. (ECF No. 23.) Thereafter, on October 29, 2008, the United States Court of Appeals for the Third Circuit denied Walker's request for a certificate of appealability under 28 U.S.C. § 2253(c) stating as follows:

> The foregoing request for a certificate of appealability is denied because Appellant has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Appellant has not shown that reasonable jurists would debate the District Court's denial of his Rule 60(b) motion for substantially the reasons described by the Magistrate Judge. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Moreover, to the extent that Appellant's Rule 60(b) motion is an attempt to challenge his underlying conviction and sentence, the District Court was required to dismiss any such claims under 28 U.S.C. § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).

(ECF No. 26.)

Now, sixteen (16) years after his original petition was filed in this Court, Walker has filed the instant motion seeking relief under Rule 60(b)(6). He is challenging the "integrity of the former District Court ruling and opinion" – specifically, the 2001 Report and Recommendation and the opinion adopting that recommendation. Walker alleges that the pre-interrogation warning form put into evidence during his underlying criminal proceedings by the Commonwealth was fraudulent and altered by Detectives Robert A. McCabe and Dennis A. Logan.

2

B. **Standard of Review**

1. Rule 60(b)(6)

Rule 60(b) authorizes a district court to grant a party relief from judgment for various specific reasons, as well as "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). "Relief is appropriate under this catch-all provision only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur'." *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (internal citation omitted), *cert. denied,* No. 15-7728, -- U.S. ---, 2016 WL 763672 (U.S. Feb. 29, 2016). The United States Supreme Court has observed that extraordinary circumstances warranting relief pursuant to Rule 60(b)(6) "will rarely occur in the habeas context." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

2. Second or Successive Habeas Petitions

"[A] Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Gonzalez,* 545 U.S. at 534. If a petitioner seeks to relitigate issues previously decided by the district court on habeas review or to pose new claims that would have been cognizable on federal habeas review, his Rule 60(b) motion will constitute a successive habeas petition. *Pridgen v. Shannon,* 380 F.3d 721, 726 (3d Cir. 2004). Similarly, when the Rule 60(b) motion seeks to attack the petitioner's underlying conviction, the motion should be treated as a second or successive habeas petition. *Pridgen,* 380 F.3d at 727.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the filing in the district court of a second or successive habeas petition under section 2254 unless the petitioner has first obtained permission from the appropriate court of appeals. *Benchoff v. Colleran,* 404 F.3d 812, 816 (3d Cir. 2005). When a petitioner does not have authorization to file

3

a second or successive petition under 28 U.S.C. § 2254, the district court does not have jurisdiction to consider it. *See Burton v. Stewart,* 549 U.S. 147, 152–57 (2007).

However, a Rule 60(b) motion is not, in effect, a habeas petition if the motion attacks a ruling on a non-merits basis. *Gonzalez,* 545 U.S. at 532 n. 4. "If neither the [Rule 60(b) ] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez,* 545 U.S. at 533 (finding that a Rule 60(b) (6) motion alleging that the federal courts misapplied the statute of limitations fits this description).

**C.     Discussion**

1. Timeliness of Motion

Construing Walker's pro se motion liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and considering Walker's claims pursuant to Rule 60(b)(6), the Court finds that the motion was not brought within a "reasonable time" and is therefore subject to dismissal for untimeliness.

As noted, a "motion under Rule 60(b) must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). While Rule 60(c) does not explicitly provide a one year period of limitations for bringing a 60(b)(6) claim, Court of Appeals' precedent is clear that Rule 60(b)(6) may not be used as a catchall to avoid the one-year limitation. *Norris,* 794 F.3d at 40. Accordingly, a Rule 60(b)(6) motion filed more than a year after final judgment is generally considered untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *Id.*

4

"[W]hat is a reasonable time must depend to a large extent upon the particular circumstances alleged." *Lasky v. Continental Prod. Corp.*, 804 F.2d 250, 255 (3d Cir. 1986). (citing *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959)). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. *In re: Diet Drugs*, 383 F. App'x 242, 246 (3d Cir. 2010) (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) and *Ashford v. Stewart,* 657 F.2d 1053, 1055 (9th Cir. 1981)). As the Court of Appeals has explained, a "reasonable time:"

> depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for 'any other reason justifying relief' and is not subject to an explicit time limit. *Coltec Indus. Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

*In re: Diet Drugs*, 383 F. App'x at 246.

In his motion, Walker argues that the pre-interrogation warning form, dated June 25, 1990, was altered because the detectives "make it appear as if Petitioner was not in custody and the Commonwealth use this form to fraud the District Court into beliving Petitioner was properly advise of his rights and not in 'custody'." Mot. at 3-4. The pre-interrogation warning form Walker is challenging has been known to Walker from at least the time he filed a motion to suppress in his criminal proceedings in state court. The 2001 report and recommendation specifically recited the factual findings of the suppression court, in relevant part, as follows:

> 1. On June 25, 1990, shortly after 9:30 a.m., officers McCabe and Logan went to Walker's residence at 1506 Federal Street. When a female answered the door the officers introduced themselves and asked if they could speak to him about a 1983 murder of a jitney driver (HT-7, 50, 52).

5

> 2. Walker appeared and voluntarily consented to accompany the police officers to the Gateway View Plaza. He was not under arrest nor was he required to go with them (HT-8, 53).
>
> 3. Shortly after 10:00 a.m. they arrived at the Gateway View Plaza interrogation room (HT-8).
>
> 4. Once inside the interrogation room the officers asked if defendant would like anything to eat or drink. Both officers then went down the hall to get their paperwork. The interrogation room was open and defendant was alone and free to leave if he chose to do so (HT-54, 55).
>
> 5. <u>Walker was read a pre-interrogation warning form before the officers questioned him</u> . . . .
>
> 6. <u>Questioning of defendant began at approximately 10:11 a.m. after he had been properly advised of his constitutional rights.</u>

Report and Recommendation at 37-28 (ECF No. 12) (emphasis added).

In his petition seeking habeas relief, Walker argued that his confession was coerced because Detective Logan threatened him with a gun. The suppression court, after a full suppression hearing and consideration of the testimony of Detective Logan and Detective McCabe, found the detectives' testimony more credible. Walker raised the same claim to the Superior Court, which found, after reviewing the findings of the trial court, that:

> supported by the record, [and] we affirm its legal conclusion that there is no basis upon which [Petitioner's] confession can be suppressed. [He] first contends that his confession was coerced when police pointed a gun at his head. This testimony was rejected by the trial court. Further, [his] testimony was contradicted by the testimony of the two officers who interviewed him. Thus, under the applicable standard, we are constrained to affirm.

Report and Recommendation at 39. After a thorough review of the record, Magistrate Judge Sensenich found that "Petitioner has not presented clear and convincing evidence that would

6

rebut the decision of the state courts that his confession was given voluntarily. Therefore, with respect to this issue, the petition should be denied." *Id.*

In the instant motion, Walker is again challenging his confession, this time arguing that the detectives altered on the pre-interrogation warning form the time the warning was given and the time he was placed in custody. Interestingly, the findings of the state court indicate that questioning of Walker began at 10:11 A.M., the exact time reflected on the pre-interrogation warning form.

Criminal charges were filed against Walker in 1990. The pre-interrogation warning form was available to Walker as early as December 11, 1990, when he challenged his confession in a suppression hearing. Further, the record reflects that the jury was permitted to take the pre-interrogation warning form into the deliberation room during Walker's criminal trial in 1991. (See ECF No. 11, Answer, Exhibit 21 at 9.) Nonetheless, Walker waited more than fifteen years to assert the claim that the pre-interrogation warning form was fraudulent and altered. Walker offers no exceptional circumstances for the delay. Under all of the circumstances, Walker has not raised his fraud on the court claim within a reasonable time, and his motion should be denied.

2. <u>Successive Habeas Petition</u>

Walker argues that his Rule 60(b)(6) motion should not be construed as a second or successive petition because he is "not challenging the constitutionality of the underlying conviction, but rather, challenges the 'integrity' and "malfeasance" of the "MJ", R&R and opinion." Mot at 12. Notwithstanding Walker's argument, the fact remains that Walker has known of the existence of the pre-interrogation waiver form for over twenty years. He offers no explanation why his new claim was not presented in his initial habeas petition. To the extent that Walker's instant Rule 60(b)(6) could be construed as an attempt to challenge his underlying

7

conviction, this court is required to dismiss such claims as second or successive as the record reveals that Walker has not obtained authorization from the Third Circuit to file a second or successive habeas application.

**C.     Certificate of Appealability**

For the reasons stated above, the court recommends that Walker's Rule 60(b)(6) motion be denied as untimely. In the alternative, if the motion constitutes a second or successive habeas application, it is recommended that the application be denied for lack of jurisdiction. Reasonable jurists would not find this conclusion debatable. Consequently, the court recommends that a certificate of appealability not be issued.

**D.     Conclusion**

It is respectfully recommended that the Motion for Relief from Judgment (ECF No. 27) be denied and a certificate of appealability not be issued.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B), Rule 72(b)(2) of the Federal Rules of Civil Procedure, and the Local Rules for Magistrates, Petitioner may file written objections to this report and recommendation within fourteen (14) days after being served with a copy of the report and recommendation. Failure to file timely objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: April 4, 2016

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc:     Delbert Paul Walker  
        BL-5805  
        SCI Benner Township  
        301 Institution Drive  
        Bellefonte, PA 16823

8